U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 29 2005

LAWRENCE K. BAERMAN, CLERK
ALBANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| v. | 03-CR-0049 (LEK) |
| **JOHN C. VOLUNGUS,** | PLEA AGREEMENT |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GLENN T. SUDDABY, United States Attorney for the Northern District of New York (by THOMAS SPINA JR., appearing) and **JOHN C. VOLUNGUS** (with ROBERT GIBSON, Esq., appearing) hereby enter into the following Plea Agreement regarding the disposition of certain supervised release violations and criminal charges against the Defendant:

1. In return for the consideration described below, JOHN C. VOLUNGUS agrees as follows:

   a. The Defendant will admit to violating the conditions of his supervised release by (1) committing a new crime when he viewed and/or possessed child pornography on his home computer between March and April 12, 2004; (2) viewing and possessing pornographic or sexually explicit material on his computer between March and April 12, 2004; and (3) having unauthorized contact with a minor on or about March or April of 2005.

b. The Defendant waives his right to appeal or collaterally attack his conviction and sentence in the event he receives a sentence of 24 months or less, as more fully set forth in paragraph 14, below.

2. **Potential Penalties.** JOHN C. VOLUNGUS understands that his guilty plea to these violations of his supervised release will subject him to the following potential penalties:

   a. <u>Maximum term of imprisonment</u>: 2 years. (18 U.S.C. § 3583(e)(3)).

   b. <u>Supervised Release</u>: In addition to imposing any other penalty, the sentencing Court may require the Defendant to serve an additional term of supervised release. (18 U.S.C. § 3583(h)). The length of such term cannot not exceed 3 years (the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release), less any term of imprisonment that is imposed upon revocation of supervised release. Should the Defendant be placed on an additional term of supervised release and subsequently violate any of the terms and conditions of that release before the expiration of such term, he may be sentenced to up to 2 years, less any term of imprisonment imposed. Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release.

   c. <u>Sex Offender Registry</u>: The defendant may have to register as a sex offender; and

   d. <u>Internet Restrictions</u>: As a condition of supervised release, the defendant's internet usage may be banned or restricted.

3. JOHN C. VOLUNGUS understands that the sentence to be imposed upon him is within the discretion of the sentencing Court, subject to the statutory maximum penalties and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated

thereunder, as modified by *United States v. Booker* and *United States v. Fanfan*, __ U.S. __, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). While the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors.

  4. **Elements of the Offense.**  JOHN C. VOLUNGUS understands that the legal elements of the specifications are as follows:

    a. Violation # 1- New Criminal Conduct- Viewing and Possessing Child Pornography

     1. That between March and April of 2004, he knowingly and willfully possessed images of minors engaged in sexually explicit conduct on his home computer in the Northern District of New York;
     2. That he knew that he had viewed and/or possessed such images;
     3. That these visual depictions and the production of these visual depictions involved the use of actual identifiable minors engaged in sexually explicit conduct; and
     4. That said visual depictions were either transported in interstate or foreign commerce or were produced using materials that had been mailed, or shipped or transported in interstate or foreign commerce.

    b. Violation # 2- Viewing and Possessing Pornography and Sexually Explicit Material

     1. That between March and April 2004, he knowingly and willfully viewed and possessed pornographic images on his home computer in the Northern District of New York; and
     2. That he knew that he had viewed and/or possessed such images.

    c. Violation # 3-Direct or Indirect Contact With a Minor Without Approval of Probation

     1. Between March and April of 2005, he had contact with a minor; and
     2. That prior to having such contact, he had not obtained approval for such contact from his Probation Officer.

5.      **Factual Basis for the Plea.** JOHN C. VOLUNGUS admits the following facts, which establish his guilt of the violations of supervised release set forth in the Petition:

At all times relevant herein, the defendant JOHN C. VOLUNGUS, resided in or near Clifton Park, New York. On or about June 14, 1999, the defendant was sentenced in the Western District of Kentucky. As part of his sentence, he was ordered to serve a 3 year term of supervised release. This supervised release commenced on or about May 22, 2003. Jurisdiction of this matter was transferred to the Northern District of New York on or about September of 2003. Conditions of his supervised release included: (1) not committing any new crimes; (2) not viewing or possessing and pornographic or sexually explicit material; and (3) not having any direct or indirect contact with a person under the age of 18, unless approved by his Probation Officer.

On or about April 12, 2004, Officers with the U.S. Probation Department conducted a home visit at defendant's home. While examining defendant's computer, these Officers observed sexually explicit images of minors on said computer. Some of these images depicted prepubescent minors engaged in oral sex, intercourse, and the lascivious exhibition of the genital or pubic area of such minors. Said computer was seized and turned over to the Federal Bureau of Investigation (FBI).

On April 15, 2004, the defendant was interviewed by Probation. During this interview, he admitted that he had been using the internet to view images of minors. He also stated that he had occasionally downloaded images that were "questionable" where the minors were nude or explicitly posed. He acknowledged that some of the images were "highly illegal". He also admitted that he had accessed some "questionable" internet sites where nude minors were depicted. He also noted that he was the only one who had access to his computer and that he has purchased the hard

4

drive in March of 2004. Finally, the defendant admitted to having contact with a minor without first receiving authorization from his Probation Officer.

A forensic examination of the defendant's computer by the FBI resulted in the recovery of 20-25 images of minors engaged in sexually explicit conduct. Some of these images depicted prepubescent minors engaged in oral sex, intercourse, and the lascivious exhibition of the genital or pubic area of such minors. In addition, a number of the images depicted prepubescent minors and some were actual, identifiable minors. Moreover, at least one story involving sex with a minor was recovered. Furthermore, adult pornography was recovered from said computer.

Said child pornography was received via the Internet. Defendant's computer and these images had been transported in interstate or foreign commerce and were produced using materials that had been mailed, shipped or transported in interstate or foreign commerce. VOLUNGUS viewed and possessed these images knowing that they contain visual depictions of minors engaged in sexually explicit conduct.

6. The Defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth above, shall be admissible and useable against him by the United States in any subsequent criminal or civil proceeding, even if he fails to enter a guilty plea pursuant to this Agreement, or if such a guilty plea is later vacated or withdrawn. The Defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with any paragraphs below.

7. In exchange for the pleas of guilty to the violations of supervised releaseand his continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

a. It will bring no further federal criminal charges against the Defendant relating to his receipt and possession of child pornography between March and April 12, which is described in the Defendant's admissions in paragraph 5, above.

b. If the guilty pleas to said violations of supervised release are later withdrawn or vacated, the charges not prosecuted pursuant to this paragraph may be prosecuted, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the filing of any such charges. The Defendant waives any defense or objection to the prosecution of any such charges that are not time-barred by the applicable statute of limitations as of the date of this Agreement.

c. It reserves the right to recommend a specific sentence within the applicable Guidelines range determined by the Court and to move for an upward departure.

d. The U.S. Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within the petition.

8. The U.S. Attorney's Office and the Defendant agree to stipulate at sentencing to the statement(s) set forth in the subparagraph(s) below. It is understood, however, that the agreement to stipulate cannot and does not bind the sentencing Court, which may make independent factual findings by a preponderance of the evidence and reject any or all stipulations presented by the parties. Such a determination that a stipulation is not binding on the Court will not be the basis for the withdrawal of the pleas of guilty by the Defendant, and will not release either the U.S. Attorney's Office or the Defendant from any other portion of this Agreement, including any other stipulations agreed to herein. To the extent the stipulations below do not reflect agreement on any factor or issue

potentially affecting the advisory Sentencing Guidelines range applicable to the Defendant, the Defendant and the U.S. Attorney's Office each expressly reserves the right to advocate if, and how, any such factor or issue would apply under the Sentencing Guidelines.

    a.    The guideline ranges for each of the violations are :

        1. Violation #1:    Grade A violation    12-18 months. (7B1.4(a))
        2. Violation # 2:    Grade C violation    3-9 months.    (7B1.4(a))
        3. Violation # 3:    Grade C violation    3-9 months.    (7B1.4(a))

9.     This Agreement is limited to the U.S. Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities. Furthermore, this Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the Defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability or proceedings relating to the forfeiture of assets.

10.     The Court is neither a party to, nor bound by this Agreement. The Court may accept or reject this Plea Agreement or defer a decision.

    a.    The Court is not bound by any recommendation, stipulation, or request made by the parties, pursuant to Fed. R. Crim. P. 11(c)(1)(B), as to the appropriate sentence, and the Defendant may not withdraw his pleas of guilty if the Court declines to follow any such recommendation, stipulation, or request. The U.S. Attorney's Office reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the Defendant's sentence, whether or not such decision is consistent with this Office's recommendations, stipulations, or requests.

11. The Defendant acknowledges that he has read each of the provisions of the entire Plea Agreement with the assistance of counsel and understands its provisions.

   a. The Defendant understands his right to the assistance of counsel at every stage of the proceeding and has discussed his constitutional and other rights with defense counsel. The Defendant understands that by entering pleas of guilty, he will be giving up his rights (i) to be presumed innocent until proven guilty; (ii) to plead not guilty; (iii) to a hearing; (iv) to confront, cross-examine, and compel the attendance of witnesses at such a hearing; (v) to present evidence in his defense; and (vi) to remain silent and refuse to be a witness against himself by asserting the privilege against self-incrimination.

   b. The Defendant has been advised by defense counsel of the nature of the charges to which he is entering guilty pleas and the nature and range of the possible sentence. The Defendant understands the sentencing Court's obligation to consider the United States Sentencing Guidelines (as explained above) and the Court's discretion to depart from those Guidelines under some circumstances or otherwise to impose a reasonable sentence outside of the applicable Sentencing Guidelines range.

12. **Waiver of Appeal and Collateral Attack.** The Defendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the finding that he violated the conditions of his supervised release and sentence in this case, including by a challenge based upon *United States v. Booker* and *United States v. Fanfan*, __ U.S. __, 2005 WL 50108 (January 12, 2005) and their progeny. The Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack such finding and sentence, including any conditions of supervised release

8

imposed, in the event he receives a sentence of imprisonment of 24 months or less, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed. The Defendant acknowledges that the number of months specified above is not a promise of any particular sentence and is not binding on the Court. The defendant agrees to waive his right to appeal or collaterally attack such finding and sentence, in part, in exchange for the government's agreement not to charge him with the offenses of receiving and possessing child pornography (18 U.S.C. §§ 2252A), which carry mandatory minimum sentences due to his previous convictions.

13. No promises, agreements or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless memorialized in writing and signed by all parties. This Agreement, to become effective, must be signed by all of the parties listed below.

GLENN T. SUDDABY
United States Attorney
Northern District of New York

Dated: June 29, 2005      By: _____
                                THOMAS SPINA JR.
                                Assistant U.S. Attorney
                                Bar Roll No. 102653

Dated: 29 June, 2005      _____
                                JOHN C. VOLLINGUS
                                Defendant

Dated: June 29, 2005      _____
                                ROBERT GIBSON, Esq.
                                Attorney for Defendant
                                Bar Roll No.