```
 1  UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF NEW YORK
 2  ------------------------------------------
    UNITED STATES OF AMERICA
 3

 4      -versus-                           03-CR-409

 5  JOHN CHARLES VOLUNGUS,

 6                  Defendant.
    ------------------------------------------
 7      TRANSCRIPT OF **SUPERVISED RELEASE VIOLATION HEARING**

 8  held in and for the United States District Court,

 9  Northern District of New York, James T. Foley United

10  States Courthouse, 445 Broadway, Albany, New York, on

11  **WEDNESDAY, JUNE 29, 2005,** the **HON. LAWRENCE E. KAHN,**

12  United States District Court Judge, Presiding.

13

14  **APPEARANCES:**

15

16  FOR THE GOVERNMENT:

17  UNITED STATES ATTORNEY'S OFFICE - NDNY

18  BY:   THOMAS SPINA, JR., AUSA

19

20  FOR THE DEFENDANT:

21  NESTLER, GIBSON LAW FIRM

22  BY:   ROBERT M. GIBSON, ESQ.

23

24

25
                    *BONNIE J. BUCKLEY, RPR, CRR*
                *UNITED STATES COURT REPORTER - NDNY*
```

1        (Court commenced at 10:15 AM.)

2              THE COURT:  We're here on a supervised

3    release violation.  You want to call the case?

4              THE CLERK:  Yes, sir.  Wednesday, June 29,

5    2005.  The case is United States of America versus John

6    Charles Volungus, Case Number 03-CR-409.  We're here for a

7    supervised release violation plea and sentencing.  My

8    understanding is there are three violations.  May we have

9    appearances for the record?

10             MR. SPINA:  Tom Spina on behalf of the United

11   States.  Good morning, your Honor.

12             THE COURT:  Good morning.

13             MR. GIBSON:  Robert Gibson on behalf of John

14   Volungus.  Good morning, Judge.

15             THE COURT:  Yes, Mr. Gibson, how are you?

16   And Mr. Volungus...  Is it pronounced Volungus?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Okay.  As I understand it, we're

19   appearing here at this time because there's an alleged

20   supervised release violation; in fact, three, as I

21   understand it.  Am I correct?

22             MR. SPINA:  Yes, your Honor.

23             THE COURT:  And what's the situation at this

24   point?  I know this --

25             MR. SPINA:  Your Honor, pursuant to a written

*UNITED STATES v VOLUNGUS    03-CR-409*

1   Plea Agreement which I just filed with the Court,
2   Mr. Volungus has agreed in this agreement to plead guilty to
3   all three violations here.
4              THE COURT:  Mr. Gibson?
5              MR. GIBSON:  That's correct.
6              THE COURT:  So he's going to plead guilty to
7   all three violations?
8              MR. GIBSON:  That's correct.
9              THE COURT:  Okay.  This is a supervised
10  release violation, this is really not an indictment where
11  there's -- I know usually there isn't a plea agreement in
12  these kinds of proceedings.  Certainly, you and the
13  defendant can enter into an agreement between yourselves,
14  which doesn't really involve the Court as such.  I'm more
15  concerned about his violation of the release, supervised
16  release that I imposed upon him.  So, in a sense, I am aware
17  and acknowledge that there is an agreement between the U.S.
18  Attorney's office and defense counsel and the defendant
19  himself, which I assume is binding upon the U.S. Attorney's
20  Office --
21             MR. SPINA:  It is, your Honor.
22             THE COURT:  -- and upon defense counsel.
23             MR. GIBSON:  That's correct, Judge.
24             MR. SPINA:  The only thing I would like to
25  point out, in the way it would implicate the Court in this

1   proceeding today, in this agreement, in exchange for

2   consideration that the Government is giving Mr. Volungus,

3   he's agreeing to waive his right to appeal his sentence on

4   the supervised release violation itself.  So I just wanted

5   to bring that to your attention.

6                  THE COURT:  Well, I appreciate you doing

7   that.

8                  And is there anything you want to add,

9   Mr. Gibson?

10                 MR. GIBSON:  No, Judge.  I think the

11  agreement -- and, again, it doesn't bind the Court

12  obviously; it does simply bind the U.S. Attorney's office

13  and my office and Mr. Volungus.  But the Plea Agreement does

14  spell out everything that was contemplated.

15                 THE COURT:  This was all explained to your

16  client, the terms of the Plea Agreement today and the nature

17  of the charges?

18                 MR. GIBSON:  I did, Judge.  In fact, I had

19  more than one opportunity prior to today, and I took some

20  time today to go over the written agreement as well as the

21  ramifications.

22                 THE COURT:  Is that correct, Mr. Volungus?

23  Everything has been explained to you, and the Plea Agreement

24  and the charges and the consequences of what you're doing

25  here today?

*BONNIE J. BUCKLEY, RPR, CRR
UNITED STATES COURT REPORTER - NDNY*

1    THE DEFENDANT:  Yes, sir.

2    THE COURT:  All right.  There's going to be a
3  plea, as I understand it, to all three violations?

4    MR. SPINA:  Yes, your Honor.

5    THE COURT:  It's a grade A violation, am I
6  correct?

7    MR. SPINA:  Yes, your Honor.

8    THE COURT:  All right.  Do you want to swear
9  in the defendant and take the plea?

10   Is there anything you want to say before we
11 take the plea of your client?

12   MR. GIBSON:  No, thank you, your Honor.

13   THE CLERK:  Mr. Volungus, please stand and
14 raise your right hand.

15   (Defendant duly sworn by the Clerk.)

16   THE CLERK:  In the matter of the United
17 States of America versus John Charles Volungus, Case Number
18 03-CR-409, violation number one, new criminal conduct:  A
19 forensic examination completed by the Federal Bureau of
20 Investigations of the defendant's confiscated central
21 processing unit revealed the existence of approximately 20
22 images of child pornography as evidenced by forensic
23 examination completed by the Federal Bureau of
24 Investigations.

25   Violation number two:  You shall not view or

1   possess any pornographic or sexually explicit material.  Yet
2   on April 12, 2004, U.S. Probation officer observed
3   pornographic images on a computer in the defendant's
4   bedroom.  The images appeared to be minors under the age of
5   18.  The defendant indicated in a written statement that he
6   was the only person to use the computer, as evidenced by the
7   defendant's written statement and case record.
8            Violation number three:  You shall not have
9   any direct or indirect contact with a person under the age
10  of 18 unless approved by the probation officer.  Yet the
11  defendant informed U.S. Probation of having unauthorized
12  contact with his niece, Lilliana (phonetic) Volungus, a
13  minor under the age of 18, on or about March or April of
14  2005, as evidenced by the defendant's written statement.
15           Mr. Volungus, how do you plead to the three
16  violations?
17           THE DEFENDANT:  Guilty, sir.
18           THE CLERK:  Thank you.
19           THE COURT:  You may all be seated.  As I
20  understand it, we're going right into sentencing at this
21  time?
22           MR. GIBSON:  My understanding --
23           MR. SPINA:  Yes.
24           MR. GIBSON:  -- Judge, was that there would
25  be another presentence investigation.

1            THE COURT:  Usually, that is not done.  I
2   mean I certainly will afford you the opportunity to speak on
3   behalf of your client and, of course, Mr. Spina on behalf of
4   the Government.  If you wanted some time in between... We
5   don't have to go right into sentencing now if you wanted an
6   adjournment for any reason.
7            MR. GIBSON:  I'm not sure if I do.  If I
8   could take a moment to speak with Mr. Spina.
9            THE COURT:  Sure.  Go ahead.
10           (Pause.  Off the record discussion.)
11           THE COURT:  Mr. Gibson?
12           MR. GIBSON:  Judge, we're prepared to go
13  forward.
14           THE COURT:  All right. We are going to go
15  forward at this time.  Mr. Gibson, is there anything you
16  wish to say on behalf of your client before I sentence him?
17           MR. GIBSON:  I do, Judge, thank you.
18           THE COURT:  Go ahead.
19           MR. GIBSON:  Judge, my client's parents, they
20  appear here today, they're in the gallery.
21           THE CLERK:  Mr. Gibson, please speak up.
22           MR. GIBSON:  I sure will.  I apologize.  My
23  client's parents are in the gallery today and they have
24  great concern for their son.  They were the responsible
25  parties during the period of supervised release and they

1  wish to be again.

2  THE COURT:  They wish to be again?

3  MR. GIBSON:  They wish to be again.  There is
4  a place in the Volungus home for John Volungus.
5  Mr. Volungus just had open heart surgery, so my client's
6  been a great help to him at home.  And I wanted to bring
7  that to the attention of the Court.  There will be an
8  advocation on the part of the Government that there be some
9  incarceration time, and that's been anticipated by myself
10 and my client.  And I would advocate that any incarceration
11 that be imposed by the Court, that treatment be involved;
12 that it -- he be placed in a treatment center and that it
13 would not be so long that it would max out the supervised --
14 supervisory part of this sentence; that there be at least a
15 year post release supervision, because I think that will
16 be -- that will break the enhancement of my client's chance
17 to successfully recover from this.  And having said that, I
18 appreciate the Court's time.

19 THE COURT:  Okay.  Mr. Spina, is there
20 anything you would like to say?

21 MR. SPINA:  Yes, just briefly, your Honor.
22 We would suggest that Mr. Volungus be sentenced to a period
23 of incarceration that includes treatment, hopefully at a
24 facility such as the Bureau of Prison's facility down in
25 Butner, North Carolina, so he gets the treatment that he

1  needs for the problem that he has, and that he then be
2  placed on a period of supervised release.  And we would also
3  ask that as part of his conditions of supervised release,
4  that the Court order him to have no Internet access until
5  it's approved or allowed by a mental health professional.  I
6  think in light of his history and in light of the
7  circumstances of his supervised release violation here
8  today, that that would be appropriate, which would be
9  distinguishable from the facts established in the Court of
10 Appeals case *United States versus Sosa*; that because of his
11 history and his frequent use of the Internet to commit his
12 crimes, that such a prohibition will be -- or at least a
13 temporary prohibition would be appropriate under the
14 circumstances.  Thank you.
15             THE COURT:  Mr. Gibson, anything further?
16             MR. GIBSON:  Judge, just with regard to that
17 last condition that the United States Attorney has asked
18 for, I would submit that there are still First Amendment
19 issues with that.  Certainly, any Internet activity could be
20 supervised, and it could be argued it should be supervised,
21 and there is the technology to do that, and that that
22 certainly is open to interpretation, but I would advocate
23 for that.
24             MR. SPINA:  Your Honor, if I could just
25 briefly be heard on that.  In this case, there was

*UNITED STATES v VOLUNGUS    03-CR-409*

1  supervision, obviously, but Mr. Volungus is adept enough in

2  computer usage that he was able to ghost serve software that

3  he was able to locate, and this software allowed him to

4  delete any of his Internet history, his cookies and various

5  files on the computer.  And I think because he possesses

6  that degree of sophistication, that he is probably capable

7  of circumventing some of the supervision requirements.  And,

8  therefore, under the circumstances, I think that at least a

9  temporary prohibition until a mental health provider could

10 conclude that he can use the Internet only for legal

11 purposes would be appropriate.  Thank you.

12                THE COURT:  Mr. Gibson?

13                MR. GIBSON:  Judge, my client, after hearing

14 Mr. Spina again, just basically conferred with me that

15 those -- that condition would be fine.

16                THE COURT:  Okay.  Mr. Volungus, is there

17 anything you wish to say before I pass sentence on you?

18                THE DEFENDANT:  Sir, yes, sir.  While the

19 treatment program has helped some, it hasn't helped enough.

20 I know that.  I've got a problem.  I have a problem

21 controlling it.  And it's one of the hardest things I've had

22 to do, is that I really don't have enough control over it,

23 recognizing that I don't have enough control over it.  I've

24 tried to control it.  It keeps rearing its head.  I know it

25 causes a lot of problems, not only for myself, for my

*BONNIE J. BUCKLEY, RPR, CRR*
*UNITED STATES COURT REPORTER - NDNY*

1  family, but I don't want to keep doing this for the rest of
2  my life.  I would like to figure out how to make it stop.  I
3  really would.  I just don't know how to do it yet.
4              THE COURT:  Okay.  You can be seated.
5              Well, the Court recognizes your
6  acknowledgment that this is very hard for you.  And we can
7  call it an addiction, but the fact is it's illegal conduct.
8  And as you know, it threatens young people.  The underlying
9  conduct of your first conviction here involved an attempt to
10 become involved with a young child.  And in this case here,
11 it's the same kind of conduct, although it was computer use.
12 And I do recognize the fact that you are aware that you
13 can't control your conduct.  And that's why the Court -- I
14 am glad that you understand that you need treatment.  And up
15 to now it hasn't been successful.  The Court is going to
16 recommend that you participate in a treatment program at
17 Butner, North Carolina, which supposably is an expert in
18 these kinds of problems, in handling these kinds of problems
19 and can treat it, hopefully.
20              The Court also recognizes that your parents
21 support you, and which any good parent would do, and they're
22 as torn by this as you are, and are responsible parents.
23              In this case the Court has found a grade A
24 violation and the criminal history category is I.
25 Therefore, in accordance with the policy statements set

1  forth in the United States Sentencing Guidelines Chapter

2  7B1.1 and 4, the Court finds your guideline imprisonment

3  range to be 12 to 18 months.

4  Upon your plea of guilty to the violations of

5  supervised release petitions, and pursuant to the Sentencing

6  Reform Act, it's the judgment of the Court that you are

7  hereby sentenced to a term of imprisonment for a term of 23

8  months.

9  It is recommended that you participate in a

10  sex offender treatment program at the federal correctional

11  institution at Butner, North Carolina.

12  Upon release from imprisonment, you shall be

13  placed on supervised release for a period of 13 months.  You

14  shall abide by all standard conditions previously ordered by

15  this Court as well these additional special conditions, and

16  there are five of them, which I'll -- six of them, which

17  I'll place on the record at this time.

18  Number one:  You shall not have any direct

19  contact with a person under the age of 18 unless it is

20  supervised by a person approved by the probation officer.

21  You shall not have indirect contact with a person under the

22  age of 18 through another person or through a device,

23  including a telephone, computer, radio, or other means,

24  unless it is supervised by a person approved of by the

25  probation officer.  You shall reasonably avoid and remove

1   yourself from any situations in which you have any other

2   form of contact with a minor.

3             You shall not be in any area where persons

4   under the age of 18 are likely to congregate, such as school

5   grounds, child care centers, playgrounds, without the

6   permission of the probation officer.

7             You shall register with the sex offender

8   registry in any state where you reside, are employed, or

9   carry on a vocation, or are a student.

10            You shall participate in a mental health

11  program which will include but will not be limited to

12  participation in a treatment program for sexual disorders.

13  The program shall be approved by the United States probation

14  officer.  Your supervised release may include examinations

15  using polygraphs to obtain information necessary for

16  supervision, case monitoring, and treatment.  You shall

17  answer the questions posed during the polygraph examination,

18  subject to your right to challenge in a court of law the use

19  of such statements as violations of your Fifth Amendment

20  rights.  In this regard, you shall be deemed to have not

21  waived your Fifth Amendment rights.  The results of any

22  polygraph examination shall be disclosed to the United

23  States probation officer and the Court but shall not be

24  further disclosed without the approval of the Court.

25            Number five:  You shall not view or possess

1   any pornographic or sexually explicit material or patronize

2   any place where material or entertainment is available, and

3   you shall not use sex related telephone numbers.

4                Based upon the nature of your underlying

5   conviction, as well as your subsequent violations of

6   supervised release, in light of your candid admission this

7   morning before this Court that you still are unable to

8   control your instincts in this regard, the Court imposes a

9   temporary prohibition on any and all computer use.  You

10  shall not use or possess any computer or any other device

11  with online capabilities at any location until you have been

12  cleared to do so by this Court after a medical and

13  psychiatric evaluation or you have received the prior

14  approval of the United States probation officer after it has

15  been authorized by the Court.  You shall permit the United

16  States probation officer to conduct periodic unannounced

17  examinations of any computer equipment you use or possess

18  limited to all hardware and software related to online use,

19  use of the World Wide Web, e-mail, instant messaging,

20  etcetera, all of these kinds of programs, and the viewing of

21  pictures or movies that may violate your conditions of

22  supervised release, except at your place of employment.

23  These examinations may include retrieval and copying of data

24  related to online use, the viewing of pictures and movies,

25  and potential violations of the conditions of and the terms

*UNITED STATES v VOLUNGUS    03-CR-409*

1   of supervised release of this computer equipment and any
2   internal or external peripherals.  This computer equipment
3   may be removed to the probation office for a more thorough
4   examination.  The probation office may install any hardware
5   or software system that is needed to monitor your computer
6   use, subject to the limitations described above.
7              Both parties have a right to appeal this
8   sentence in certain limited circumstances.  Apparently,
9   there is an agreement between defense counsel and the U.S.
10  Attorney's Office.  The defendant is advised to consult with
11  Mr. Gibson to determine whether or not an appeal is
12  indicated.  Any appeal must be filed within ten days of this
13  sentence.
14             Are there any -- is there anything further,
15  Mr. Spina?
16             MR. SPINA:  Nothing further, your Honor,
17  thank you.
18             THE COURT:  Is there anything further,
19  Mr. Gibson?
20             MR. GIBSON:  Nothing further.
21             THE COURT:  Mr. Volungus, you, yourself, said
22  you don't want to live this way your whole life.  You are
23  still young.  So I don't know how you'll do it, but I hope
24  you can do this so you can start leading a good life after
25  this is over.

*BONNIE J. BUCKLEY, RPR, CRR*
*UNITED STATES COURT REPORTER - NDNY*

1   All right.  Anything further?

2   MR. SPINA:  Nothing.  Thank you.

3   (Court adjourned at 10:40 AM.)

4              *   *   *   *   *

5

6   **C E R T I F I C A T I O N**

7

8   I, BONNIE J. BUCKLEY, RPR, CRR, Official Court

9   Reporter in and for the United States District Court,

10  Northern District of New York, do hereby certify that I

11  attended at the time and place set forth in the heading

12  hereof; that I did make a stenographic record of the

13  proceedings held in this matter and caused the same to be

14  transcribed; that the foregoing is a true and correct

15  transcript of the same and whole thereof.

16

17

18

19                              _____

20                              BONNIE J. BUCKLEY, RPR, CRR

21                              US Court Reporter - NDNY

22

23

24

25  DATED:  MARCH 22, 2010

*BONNIE J. BUCKLEY, RPR, CRR*
*UNITED STATES COURT REPORTER - NDNY*